**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-332-FDW**

| | |
|---|---|
| KAYIE WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| HERBERT CORPENING, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on "Plaintiff's Averment Notice of Reprisal; Failure to Protect; Motion for Judgment as a Matter of Law; Motion for Judgment on the Pleadings; Injunction Demand; and Special Motion, Without Oppressive Delay(s) & Notice of Amend" (Doc. No. 14), "Plaintiff's Averment Written Disposition Motion for Interrogatories" (Doc. No. 15), "Plaintiff's Motions for Injunctive Relief Against Discrimination in Places of Public Accommodation…" (Doc. No. 19), and "Plaintiff's Motion to Amend; Notice Motion; and Motion for Injunction" (Doc. No. 23).

The *pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 with regards to incidents that allegedly occurred at Marion Correctional Institution. The Complaint passed initial review on Plaintiff's claims of the use of excessive force and retaliation, deliberate indifference to serious medical needs, and violations of due process, and the Court exercised supplemental jurisdiction over the related claims under North Carolina law. (Doc. Nos. 1, 10). The Court denied Plaintiff's Motions seeking preliminary injunctive relief. (Doc. Nos. 3, 8, 10).

Plaintiff has filed a number of pending Motions which are before the Court for resolution. In his "Averment Notice of Reprisal…" (Doc. No. 14), Plaintiff sets forth allegations, seeks to add

1

Defendants, and attaches exhibits in support of his claims. He alleges that future retaliation will occur and asks to be transferred out of Marion C.I. Plaintiff further alleges that the Court deliberately denied his prior Motions for injunctive relief and "is presenting deliberate indifference and prejudice by harming Plaintiff continue to endure harassment reprisal tactics when preventive injunction will minimize reprisal motions and irreparable injuries." (Doc. No. 14 at 9).

In his "Motions for Injunctive Relief Against Discrimination in Places of Public Accommodation…" (Doc. No. 19), Plaintiff asks that Defendants be "restrain[ed] from depriving Plaintiff of property (i.e. Food Package Boxes) and that his housing status (solitary confinement pursuant to his non-participation status in the RDU program) be review by the Directors Classification Committee. Plaintiff contends that his RDU claims are meritorious and that the public interest favors relief.

In his "Motion to Amend; Notice Motion; and Motion for Injunction" (Doc. No. 23), Plaintiff seeks to add more Defendants and claims, and seeks transfer to another prison.

To the extent that Plaintiff seeks injunctive relief, this claim is moot because Plaintiff has been transferred to the Alexander Correctional Institution and he does not allege that the conditions of which he has complained are unlikely to recur. See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986).

Plaintiff appears to suggest that the Court should be recused from this case due to the previous denial of his requests for injunctive relief. A litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Further, a justice, judge, or magistrate judge must disqualify himself in any proceeding in which his impartiality might be reasonably questioned. 28 U.S.C. § 455. Plaintiff has failed to

2

satisfy § 144 and no circumstances exist that would reasonably call the Court's impartiality into question pursuant to § 455. Therefore, to the extent that Plaintiff seeks the Court's recusal, this Motion will be denied.

In Plaintiff's "Averment Written Disposition Motion for Interrogatories" was docketed as a Motion but is actually a request for interrogatories that is premature and was misdirected to the Court. (Doc. No. 15); see Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference); Local Rule 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."). Moreover, routine discovery requests should not be filed with the Court. See Local Rule 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."). The Motion will therefore be denied and Plaintiff is instructed to engage in discovery at the appropriate time and in accordance with the applicable rules, procedures, and this Court's orders.

Finally, Plaintiff seeks to add claims and Defendants. A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v.

Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Plaintiff will not be permitted to amend his Complaint in a piecemeal fashion. However, the denial of the present Motions is without prejudice to file an Amended Complaint in accordance with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. See, e.g., Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing relation back). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). If Plaintiff chooses to file an Amended Complaint, it must be on a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's "Averment Notice of Reprisal; Failure to Protect; Motion for Judgment as a Matter of Law; Motion for Judgment on the Pleadings; Injunction Demand; and Special Motion, Without Oppressive Delay(s) & Notice of Amend" (Doc. No. 14), is **DENIED**.

2. Plaintiff's "Averment Written Disposition Motion for Interrogatories" (Doc. No. 15), is **DENIED** as premature.

3. Plaintiff's "Motions for Injunctive Relief Against Discrimination in Places of Public Accommodation…" (Doc. No. 19), is **DENIED** as moot.

4. Plaintiff's "Motion to Amend; Notice Motion; and Motion for Injunction" (Doc. No. 23), is **DENIED** without prejudice to file an Amended Complaint in accordance with the Federal Rules of Civil Procedure, this Court's Local Rules, and the Orders issued in this case.

3. The Clerk of Court is directed to mail Plaintiff a blank § 1983 civil complaint form.

Signed: September 25, 2019

Frank D. Whitney
Chief United States District Judge